

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 8022 | DATE | 12/10/2002 |
| CASE TITLE | In Re: Valda Dannette Staton | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly, we dismiss the appeal without prejudice and remand this matter to the bankruptcy court for whatever action is appropriate.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 1 1 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | C.Y. | 6 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | WAH courtroom deputy's initials | 02 DEC 10 PM 2:19 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE;                          )
                                )
VALDA DANNETTE STATON,          )   No. 02 C 8022   DOCKETED
                                )                   DEC 1 1 2002
        Debtor.                 )

## MEMORANDUM OPINION AND ORDER

The debtor filed for bankruptcy after a foreclosure sale of her condominium pursuant to a state court foreclosure action, but before the state court confirmed the sale. The bankruptcy court thereafter, on September 25, 2002, lifted the automatic stay and the debtor filed this appeal. The purchaser of the property has moved to dismiss the appeal, contending, among other things, that the appeal was not perfected because no designation of record and no statement of issues was filed. It is in error in that regard. The record reflects that both documents were filed on October 10, 2002.

The issues on appeal relate to purported reasons for the lifting of the stay. They are that the Chapter 13 bankruptcy petition was incomplete; that the filing, after foreclosure sale, was not timely; that the filing was to avoid payment of any debts due in connection with the foreclosed property; and that the debtor had no possible means of filing a confirmable plan – the property was not necessary for an effective reorganization and the debtor had no equity in the property. We do not know if the petition was incomplete; the petition may well have been timely, In re Spencer, 263 B.R. 227 (Bkrtcy, N.D.Ill. 2001); and we can only speculate about the motives for the filing. But the motion to lift the stay assigns as reasons only that the debtor has no possibility of filing a confirmable plan, the property is not necessary for an



effective reorganization, and the debtor has no equity in the property. The order lifting the stay does not specify the reasons and we have not been provided with a transcript of the hearing leading to the granting of the motion.

In the meantime, however, the debtor has converted the bankruptcy to Chapter 7. That means, we believe, that the debtor has recognized that she has no possibility of filing a confirmable plan in which the property could be used for an effective reorganization. That is a change of circumstances which, we think, calls into question the possibility of prevailing upon appeal, regardless of the reasons for lifting the stay in the first place. Accordingly, we dismiss the appeal without prejudice and remand this matter to the bankruptcy court for whatever action is appropriate.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 10, 2002.